UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MITCHELL HENDERSON,<br>         Petitioner,<br><br>     v.<br><br>PETER MURPHY,<br>         Defendant. | No. 3:13-cv-900 (SRU) |

## RULING AND ORDER OF TRANSFER

On June 24, 2013, Mitchell Henderson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("habeas petition"), asserting that the trial judge who sentenced him violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *State v. Bell*, 283 Conn. 748 (2007).[1] Henderson filed a state court habeas petition in 2008 alleging the same constitutional violations. *State v. Henderson*, 130 Conn. App. 435 (2011). That motion was denied on the grounds that neither *Bell* nor *Apprendi* have retroactive effect; therefore, those decisions did not impact the legality of Henderson's 1993 sentence. *Id.* at 448.

Henderson appealed that decision to the Connecticut Supreme Court, which initially granted his petition for certification to appeal, *State v. Henderson*, 302 Conn. 938, 938 (2011), but later dismissed the appeal as improvidently granted, *State v. Henderson*, 308 Conn. 702, 706 (2013). After the Connecticut Supreme Court dismissed his appeal, Mitchell instituted this action.

Mitchell previously filed a habeas petition in this court challenging the same conviction on different grounds. *Henderson v. Armstrong*, No. 3:98cv1031 (SRU) (HBF) (doc. # 1). I denied Henderson's previous petition, because he failed to demonstrate that his conviction

---

[1] Under those cases, the facts that give rise to a sentencing enhancement must be submitted to the jury and proved beyond a reasonable doubt. *See Bell*, 283 Conn. at 788 (citing *Apprendi*, 530 U.S. at 490). Henderson asserts that the trial judge, rather than the jury, decided facts that gave rise to a sentencing enhancement in his case.

violated the Constitution or federal law. *Id.* (doc. # 25). That decision was a decision on the merits and, as a result, Henderson's June 24, 2013 habeas petition constitutes a "second or successive habeas corpus application under section 2254." *See* 28 U.S.C. § 2244; *Torres v. Senkowski*, 316 F.3d 147, 150 (2d Cir. 2003).

"Before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Henderson admits that he did not petition the Court of Appeals for an order authorizing this court to hear his habeas petition, because he was not aware of the statute.[2] The Second Circuit has held that when a second or successive petition for habeas corpus relief is filed in a district court without the required authorization, "the district court should transfer the petition or motion to this Court in the interest of justice pursuant to [28 U.S.C.] § 1631." *Liriano v. United* States, 95 F.3d 119, 123 (2d Cir. 1996).

Therefore, in accordance with the requirements of 28 U.S.C. § 2244 and pursuant to 28 U.S.C. § 1631, the clerk is directed to TRANSFER Henderson's petition to the U.S. Court of Appeals for the Second Circuit for assignment and review.

So ordered.

Dated at Bridgeport, Connecticut, this 22nd day of April 2014.

                                                    /s/ Stefan R. Underhill
                                                    Stefan R. Underhill
                                                    United States District Judge

---

[2] Henderson also disputes that his current habeas petition is a "second or successive habeas corpus application"; however, as discussed above the petition falls within this category because his previous habeas petition was decided on the merits. Whether his new petition is permissible, pursuant to one of the exceptions to the bar on second or successive habeas petitions listed in 28 U.S.C. § 2244, is a separate question.